**23SL-CC03729**

Electronically Filed - ST LOUIS COUNTY - September 01, 2023 - 01:09 PM

IN THE CIRCUIT COURT OF ST LOUIS COUNTY
STATE OF MISSOURI

| | | |
|---|---|---|
| Daniel Human, individually and<br>on behalf of all others similarly situated, | ) | |
| | ) | |
| Plaintiffs. | ) | |
| | ) | |
| Vs. | ) | No. |
| | ) | |
| Insurance Supermarket International Inc. | ) | COMPLAINT CLASS ACTION |
| Cambridge Innovation Center 1951 NW 7th Avenue) | | |
| Suite #600 | ) | Jury Trial Demanded |
| Miami, FL 33136; and | ) | |
| | ) | |
| John and Jane Does 1 through 10 | ) | |
| Call Center Supervisors | ) | |
| Insurance Supermarket International, Inc. | ) | |
| Cambridge Innovation Center 1951 NW 7th Avenue) | | |
| Suite #600 | ) | |
| Miami, FL 33136; and | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT CLASS ACTION

Plaintiff Daniel Human ("Human" or "Plaintiff") makes this complaint against Defendants' Insurance Supermarket International, Inc and John and Jane Does 1 through 10 (hereinafter collectively referred to as "ISI", and "Does 1 through 10" or "Doe"). Plaintiff's allegations as to his own actions are based on personal knowledge. The other allegations are based on his counsel's investigation, and information and belief.

### Nature of the Action

1.      This is a class action under the Missouri No Call List and Telemarketing prohibitions set forth in §407.1098.1 and Mo. Rev. Stat. § 407.1076.

Electronically Filed - ST LOUIS COUNTY - September 01, 2023 - 01:09 PM

2.    Plaintiff Daniel Human alleges and avers that Defendant's Insurance Supermarket International, Inc. and John and Jane Doe's telemarketers 1 through 10 (hereinafter collectively referred to as "ISI," and "Does 1 through 10" and collectively the "Defendants"), made unsolicited telemarketing calls to his cellular telephone number that is listed on the Missouri State and National "Do Not Call" Registries (the "Registries") without his express written consent.

3.    Defendants accomplish their telemarketing campaigns by making unsolicited robocalls (*i.e.*, using a predictive dialer and/or pre-recorded and Automated Dialing Systems capable of storing Plaintiff's personal and private information and telephone number listed on the do not call registry) to cellular telephone numbers, without the prior express consent of the persons using those cellular telephone numbers despite those numbers being lawfully registered by their owners on the Missouri and Federal Do-Not-Call registries.

4.    By doing so, the Defendant's violated the provisions of the Missouri No Call List, Telemarketing prohibitions set forth in §407.1098.1 and Mo. Rev. Stat. § 407.1076, and Telephone Consumer Protection Act of 1991. Pub. L No. 102-243, 105 Stat. 2394 (1991) (codified at 47 U.S.C. § 227), when it contacted numbers on the Registry without their express written consent. Defendant has caused Plaintiff and Class Members to suffer injuries as a result of placing unwanted telephonic sales calls to their phones.

5.    Through this action, Plaintiff seeks injunctive relief to halt Defendant's unlawful telemarketing calls. Plaintiff additionally seeks damages as authorized by the MDNC and Telemarketing, and the Telephone Consumer Protection Act of 1991. Pub. L No. 102-243, 105 Stat. 2394 (1991) (codified at 47 U.S.C. § 227), on behalf of Plaintiff and the Class Members, and any other available legal or equitable remedies resulting from the actions of Defendant described herein.

Electronically Filed - ST LOUIS COUNTY - September 01, 2023 - 01:09 PM

6.    In response to Defendants' unsolicited telemarketing calls, Plaintiff filed the instant lawsuit and seeks damages and an injunction requiring Defendants to cease all unsolicited telephone calling activities and an award of statutory damages and treble damages to the members of the Classes under the TCPA and Missouri No Call ("MDNC") Registry Section 407 et seq., together with costs and reasonable attorneys' fees. Because telemarketing calls typically use technology capable of generating thousands of similar calls per day, the Plaintiff also sues on behalf of a proposed nationwide class of other persons who received similar calls/texts.

7. Class action is the best means of obtaining redress for the Defendant's illegal telemarketing and is consistent both with the private right of action afforded by the MDNC and the fairness and efficiency goals of Missouri Supreme Court Rule 52.08.

II.    Parties

8.    Plaintiff Daniel Human (hereinafter referred to as "Plaintiff," "Daniel," or "Mr. Human") is an individual residing in this District.

9.    Defendant Insurance Supermarket International, Incorporated ("ISI" or "Defendant ISI"), is an International company with one headquarters located in Florida, a company that makes telemarketing calls, or employs its agents to make telemarketing calls within and into this District, just as it did with the Plaintiff, with its corporate headquarters located at Cambridge Innovation Center 1951 NW 7th Avenue, Suite #600 in Miami, Florida, 33136.

10.    Defendants John Does 1 through 10 are telemarketers, vendors, agents, call center employees/supervisors for ISI and are directly and personally responsible for following the unlawful policies, practices, and procedures of Defendant's ISI, and make unsolicited telemarketing calls and texts to persons listed on the Registries without express written consent on behalf of ISI, just as they did with the Plaintiff.

3

Electronically Filed - ST LOUIS COUNTY - September 01, 2023 - 01:09 PM

<u>Jurisdiction and Venue</u>

11.    This Court has jurisdiction for violations of the Missouri do not call registries under Chapter 407.010 et seq. RSMo.. This Court has personal jurisdiction over the Defendant ISI and the Doe Defendants because they either reside in this District and/or made the calls into this District, and/or they promulgated the policies and procedures and/or had the right to do so for Defendant ISI which encourage, entice, condone, and ratify illegal telemarketing texts into this District to persons on the no call lists.  Additionally, Defendant's ISI and Doe's have sufficient minimum contacts with the State of Missouri in that they transact business in Missouri, profits personally from ISI sales made in Missouri; they send their products to Missouri; they advertise in Missouri, and the tortious acts complained of within this complaint occurred in Missouri to a Missouri resident, thereby subjecting ISI and the Doe's to Missouri's long arm statute, Section 506.500.1. See *Prosser v. USHealth Advisors, et al*, 2023 WL 5093872 (E.D. Mo. August 9, 2023); *UMB BANK, N.A. v. KRAFT CPAS, PLLC*, 2023 WL 3666879 (W.D. Mo. May 25, 2023); *Hand v. Beach KC, LCC*, 425 F.Supp.1096 (W.D. Mo. 2019).

12.    This Court has personal jurisdiction over the Defendants because they either reside in this District and/or made the calls into this District.

13.    Venue is proper because the calls at issue were made into this District and/or from this District to a Missouri resident in this District and Missouri has a strong interest in providing a forum for torts committed against their residents in Missouri.

**III.    Factual Allegations**

4

Electronically Filed - ST LOUIS COUNTY - September 01, 2023 - 01:09 PM

14.     Defendant Insurance Supermarket International, Inc., is a company that sells and brokers supplemental insurance policies which targets senior citizens and indemnify policy holders for medical bills and other medical needs not fully covered by Medicaid or Medicare.

15.     To generate leads, Defendant ISI, and its agents and vendors, which upon information and belief includes other unknown marketing firms and call centers, make random and robocall generated telemarketing calls to consumers who have never had a relationship with ISI, and who never consented to receive their calls.

16.     Plaintiff is and was at all times mentioned herein, a "person" as defined by 47 U.S.C. §153(39).

17.     Plaintiffs telephone number (the "Number"), 314-915-XXXX, is on the Missouri and National Do Not Call Registries and has been continuously since June 2022 when he personally registered the number on the DNC lists.

18.     Despite this MDNC and DNC prohibitions, Does 1 through 10 (call center supervisors/employees), placed more than ten telemarketing calls to Mr. Human between November 21, 2022, and into December 31, 2022, all approved, condones, enticed and ratified by Defendants ISI, and their policies, practices, and procedures,

19.     The unsolicited and repeated calls continued in this order

   a.     11/21/22 Alex 8:00 am (636) 205-9914

   b.     11/21/22 Alex 9:40 am same number

   c.     11/21/22 Emma 1:35 am (314) 926-1402

   d.     11/21/22 Stan 4:15 pm (314) 710-4322

Electronically Filed - ST LOUIS COUNTY - September 01, 2023 - 01:09 PM

e.      11/21/22 Pam 5:19 pm (314) 926-1402

f.      11/22/22 Kelly 10:16 am (314) 92601402

g.      11/22/22 Emma 10:26 am (573) 279-2060

h.      11/23/22 Dave 1:16 pm (314) 887-3329

i.      11/23/22 Zoe 3:55 pm (314) 794-7956

j.      2/6/22 Kelly 10:40 am (314) 673-4930[1]

20.     Despite the fact the Plaintiff is on both the State and Federal registries, the Defendants persistently solicited Mr. Human on his personal residential cell phone to purchase insurance policies through ISI.

21.     During all these calls, there was a significant pause before Defendants' representative started speaking, which is a telltale sign that Defendants used a predictive dialer to make the call:

> Predictive dialers initiate phone calls while telemarketers are talking to other consumers . . . In attempting to "predict" the average time it takes for a consumer to answer the phone and when a telemarketer will be free to take the next call, predictive dialers may either "hang-up" on consumers or keep the consumer on hold until connecting the call to a sales representative, resulting in what has been referred to as "dead air."

*In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, 2003 Report and Order*, CG Docket No. 02-278, FCC 03-153, ¶ 146, 18 FCC Rcd. 14014, 14101, 2003 WL 21517853, *51 (July 3, 2003), *available at* http://hraunfoss.fcc.gov/edocs_public/attachmatch/FCC-03-153A1.pdf ("*2003 Report and*

---

[1] On more than two of these calls, plaintiff was connected to a licensed agent for Defendant ISI identified as "Victor".

Electronically Filed - ST LOUIS COUNTY - September 01, 2023 - 01:09 PM

*Order*").

22.    Defendants placed each call alleged in this complaint with one or more predictive dialers. Predictive dialers constitute an automatic telephone dialing system; they are capable of storing, producing, and dialing any telephone number, producing, and dialing telephone numbers using a random or sequential number generator. Further, no human manually entered Plaintiff and Class members' cellular telephone number when Defendants made the calls alleged below. Rather, the predictive dialer(s) electronically dialed Plaintiff and Class members' cellular telephones in an automated fashion. The predictive dialers otherwise constitute an "automatic telephone dialing system" under the meaning of 47 U.S.C. § 227(a)(1).

23.    On January 2, 2023, Plaintiff sent a certified formal demand letter, accompanied by a potential lawsuit to ISI, which was signed for at the corporate address on January 9, 2023, at 11:35 am, *clearly* identifying Plaintiff's name and phone number as being on the DNC.

24.    Despite this fact, ISI telemarketers, employees, vendors, sub-contractors and/or affiliates placed nine (9) more calls to Plaintiff's number <u>months</u> after they had been specifically warned and acknowledged that Plaintiff was on both the Federal Do Not Call registry as well as the Missouri Do Not Call list!

25.    The calls detailed *infra* were each placed to Plaintiff's residential cell phone after Plaintiff served the Defendants with certified notice that he was on the Federal and Missouri Do Not Call registries.

| k. | 5/19/23 | Sandra | 11:15am | (314) 870-3519 |
| l. | 5/20/23 | Sam | 10:42am | (314) 568-8698 |

Electronically Filed - ST LOUIS COUNTY - September 01, 2023 - 01:09 PM

| | | | | |
|---|---|---|---|---|
| m. | 5/20/23 | Vanessa | 12:13pm | (314) 789-1955 |
| n. | 5/21/23 | Cary Ann | 12:41pm | (314) 789-1955 |
| o. | 5/22/23 | Max | 9:20 am | (314) 673-5213 |
| p. | 5/22/23 | Peter | 12:42 pm | (314) 789-1955 |
| q. | 5/23/23 | Morgan | 9:37 am | (314) 789-7018 |
| r. | 6/8/23 | Brandon | 10:17 am | (314) 834-6166 |
| s. | 6/17/23 | Alex | 9:07 am | (314) 961-2826 |

26.     None of the telephone calls alleged in this complaint constituted calls for emergency purposes as defined by 47 U.S.C. § 227 (b)(1)(A)(i).

27.     In addition, the calls occupied their telephone lines, rendering them unavailable for legitimate communication.

28.     Plaintiff's privacy and right to seclusion has been violated by the above-described telemarketing calls and Plaintiff annoyed, frustrated, and harassed by these call

29.     The Plaintiff never provided his written consent or requested these calls.

30.     Defendant's aggravating and annoying phone calls trespassed upon and interfered with Plaintiff's rights and interests in his cellular telephone and cellular telephone line, caused him to incur provider fees, the depletion of his battery life, wear, and tear on his phone equipment and by intruding upon Plaintiff's seclusion.

31.     Defendant's phone calls harmed Plaintiff and class members by wasting their time.

8

Electronically Filed - ST LOUIS COUNTY - September 01, 2023 - 01:09 PM

32.     The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry and provide a private right of action against any entity that makes those calls, or "on whose behalf" such calls are promoted. 47 U.S.C. 227(c) (5); 47 C.F.R. 64.1200 (c)(2).

## THE MISSOURI NO-CALL LAW

33.     Similarly, the Missouri Do Not Call Registry, Mo. Rev. Stat. § 407.1098.1, to be construed in *pari materia*, provides:

> No person or entity shall make or cause to be made any telephone solicitation to the telephone line of any residential subscriber in this state who has given notice to the attorney general, in accordance with rules promulgated pursuant to section 407.1101 of the subscriber's objection to receiving telephone solicitations.

34.     A "residential subscriber" is defined as, "a person who has subscribed to residential telephone service from a local exchange company or the other persons living or residing with such person." Mo. Rev. Stat. § 407.1095(2), and Plaintiff is a qualified residential subscriber.

35.     A "telephone solicitation" is defined as "any voice communications over a telephone line from a live operator, through the use of ADAD equipment or by other means for the purpose of encouraging the purchase or rental of, or investment in, property, goods or services..." Mo. Rev. Stat. § 407.1095(3).

36.     Defendant's calls and/or texts to a telephone subscriber on the Missouri Do Not Call List is an unfair practice, because it violates public policy, and because it forced Plaintiff to incur time and expense without any consideration in return. Defendants' practice effectively forced Plaintiff to listen to their unsolicited sales calls in violation of State and Federal Law.

Electronically Filed - ST LOUIS COUNTY - September 01, 2023 - 01:09 PM

37.    Defendants violated the unfairness predicate of the Act by engaging in an unscrupulous business practice and by violating Missouri statutory public policy, which public policy violations in the aggregate caused substantial injury to hundreds of persons.

38.    Defendants' actions prevented the Plaintiff's telephone from being used for other legitimate purposes during the time Defendant was occupying the Plaintiff's telephone for Defendants' unlawful purpose.

39.    Chapter 407.1107 provides for up to $5,000 in damages for each knowingly violation.

**THE MISSOURI TELEMARKETING LAW**

40.    Mo. Rev. Stat. § 407.1076 provides in pertinent part:

It is an unlawful telemarketing act or practice for any seller or telemarketer to engage in the following conduct:

(3)    Cause the telephone to ring or engage any consumer in telephone conversation repeatedly or continuously in a manner a reasonable consumer would deem to be annoying, abusive or harassing;

(4)    Knowingly and willfully initiate a telemarketing call to a consumer, or transfer or make available to others for telemarketing purposes a consumer's telephone number when that consumer has stated previously that he or she does not wish to receive solicitation calls by or on behalf of the seller unless such request has been rescinded.

41.    MO Rev. 407.1104 provides in pertinent part:

1.    Any person or entity who makes a telephone solicitation to any residential subscriber in this state shall, at the beginning of such solicitation, state clearly the identity of the person or entity initiating the solicitation.

2.    No person or entity who makes a telephone solicitation to a residential subscriber in this state shall knowingly use any method to block or otherwise circumvent any subscriber's use of a caller identification service.

10

Electronically Filed - ST LOUIS COUNTY - September 01, 2023 - 01:09 PM

## Class Action Allegations

42.    As authorized by Rule 23(b)(2) or (b)(3) of the Federal Rules of Civil Procedure, Plaintiff brings this action on behalf of a class of all other persons or entities similarly situated throughout the United States.

43.    Class Definition: Plaintiff seeks to certify a class and brings this Complaint against the Defendants, as authorized by Missouri Supreme Court Rule 52.08 and pursuant to Federal Rule of Civil Procedure 23(b) (2 and (b)(3), on behalf of himself and the following Classes:

**Robocall Class and Automatic Telephone Dialing System Class:**

All persons in the United States who received any unsolicited telephone calls from Defendants or their agents on their cellular phone service using any automatic telephone dialing system, predictive dialing system, or artificial or pre-recorded voice system, which telephone calls by Defendants or their agents were not made for emergency purposes or with the recipients' prior express written consent, within four years prior to the filing of this Complaint.

**Do Not Call Class ("DNC Class"):**
All persons in the United States (1) who had his or her telephone number(s) registered with the national Do-Not-Call registry for at least thirty days; (2) who received more than one telephone call made by or on behalf of Defendants in the course of their debt collection services; (3) within a 12-month period; and (4) for whom Defendants had no current record of consent to place such calls to him or her.

**Missouri Do Not Call Class ("MDNC Class"):**
All persons in the State of Missouri (1) who had his or her telephone number(s) registered with the Missouri Do-Not-Call registry for at least thirty days; (2) who received more than one telephone call or text made by or on behalf of Defendants that engaged their debt collection activities services; (3) within a 12-month period; and (4) for whom Defendants had no current record of consent to place such calls to him or her since May 2, 2019.

Electronically Filed - ST LOUIS COUNTY - September 01, 2023 - 01:09 PM

44.     Excluded from the Class are counsel, the Defendants, and any entities in which the Defendants have a controlling interest, the Defendant's agents and employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate family.

45.     The Class as defined above are identifiable through phone records and phone number databases.

46.     The potential members of the Class number at least in the thousands.

47.     Individual joinder of these persons is impracticable.

48.     Plaintiff is a member of the Class.

49.     There are questions of law and fact common to Plaintiff and the proposed Class, including, but not limited to the following:

    a.     Whether Defendants used an "automatic telephone dialing system" or "artificial or prerecorded voice" calls as such terms are defined or understood under the TCPA and applicable FCC regulations and orders;

    b.     Whether Defendants had written prior express consent to call Class members;

    c.     Whether Defendants systematically made telephone calls to members of the DNC Class whose telephone numbers were registered with the national Do-Not-Call registry;

    d.     Whether Defendants systematically made telephone calls to members of the DNC Class where Defendants did not have a current record of consent to make such telephone calls;

    e.     Whether Plaintiff and Class Members are entitled to damages, including

Electronically Filed - ST LOUIS COUNTY - September 01, 2023 - 01:09 PM

whether Defendants' violations were performed willfully or knowingly such that Plaintiff and Class Members are entitled to treble damages; and

f.    Whether Plaintiff and Class Members are entitled to injunctive relief for violations of their privacy and attorney's fees and costs.

50.    The Plaintiffs' claims are typical of the claims of members of the Class.

51.    Plaintiff is an adequate representative of the Class because his interests do not conflict with the interests of the Class, he will fairly and adequately protect the interests of the Class, and he and other class members are complex litigation paralegals and the Director of Operations for a St. Louis company, who has access to attorneys experienced in class actions, including TCPA class actions.

52.    Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of the controversy. The only individual question concerns identification of class members, which will be ascertainable from records maintained by Defendant and/or their agents, vendors, and sub-contractors.

53.    The likelihood that individual members of the class will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

### COUNT I
### Violations of the MDNC Against All Defendants
### by Plaintiff Individually and on Behalf of the MDNC Class

54.    Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1 through 53 as though set forth herein.

55.    Plaintiff brings this claim individually and on behalf of the Missouri No Call and Anti Telemarketing Class Members ("MDNC") against Defendants.

Electronically Filed - ST LOUIS COUNTY - September 01, 2023 - 01:09 PM

56.     The Defendants acts and omissions of making nineteen (19) or more calls to Plaintiffs private residential phone constitute multiple violations of the MDNC in that No person or entity shall make or cause any telephone to ring and make any telephone solicitation to the telephone line of any residential subscriber in this state who has given notice to the attorney general, in accordance with rules promulgated pursuant to section 407.1101 and Mo. Rev. Stat. § 407.1076 of the subscriber's objection to receiving telephone solicitations.

57.     A "telephone solicitation" is defined as "any voice communications over a telephone line from a live operator, through the use of ADAD equipment or by other means for the purpose of *encouraging* the purchase or rental of, or investment in, property, goods or services..." Mo. Rev. Stat. § 407.1095(3).

58.     Defendant failed to secure prior express written consent from Plaintiff and the Class Members prior to making these and other calls.

59.     In violation of the MDNC, Defendants made and/or knowingly allowed telephonic collection calls to be made to Plaintiff and the Class members without Plaintiff's and the Class members' prior express written consent and after notice to the Missouri Attorney General was given that they did not want to receive said calls.

60.     Defendants made and/or knowingly allowed the telephonic calls to Plaintiff and the Class members to be made utilizing an automated system for the selection or dialing of telephone numbers.

61.     The Defendant's violations were negligent, willful, or knowing and calculated to violate the Plaintiffs rights to privacy, and seclusion, as well as to harass and annoy the Plaintiffs.

Electronically Filed - ST LOUIS COUNTY - September 01, 2023 - 01:09 PM

63.    As a result of Defendant's conduct and pursuant to § 407.1076 et seq. of the MDNC, Plaintiff and Class members were harmed and are each entitled to a maximum of $5,000.00 in damages for each violation. Plaintiff and the Class members are also entitled to an injunction against future calls. *Id.*

*WHEREFORE,* Plaintiff Human and all members of the MDNC class prays for judgment against Defendant's ISI and Does 1 through 10, for $5,000.00 per violation totaling ninety-five thousand dollars ($95,000.00) for calls to Plaintiff Human, and additional damages per call to each class member, for their attorney's fees and costs, appropriate injunctive relief, and for such further relief deemed just and equitable in the premises.

### Count II
### Telephone Consumer Protection Act (Violations of 47 U.S.C. § 227)
### (On behalf of Plaintiff and the Robocall and ATDS)

64.    Plaintiff repeats and incorporates the allegations set forth in paragraphs 1 through 63 as if fully set forth herein.

65.    The foregoing acts and omissions of Defendant's ISI and Does 1 through 10, and its affiliates, agents, and/or other persons or entities acting on Defendant's behalf through the use of an automated dialing system constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by making telemarketing calls, except for emergency purposes, to the Plaintiff and the Class despite their numbers being on the National Do Not Call Registry.

66.    The Defendant's violations were negligent, willful, or knowing.

67.    As a result of the illegal acts of the Defendant's and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the Class presumptively are entitled to an award of $1,500 in damages for each call made.

Electronically Filed - ST LOUIS COUNTY - September 01, 2023 - 01:09 PM

68.     Plaintiff and members of the Class are also entitled to and do seek injunctive relief prohibiting Defendant from making telemarketing calls to numbers on the National Do Not Call Registry, except for emergency purposes, in the future.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Human individually and on behalf of all others similarly situated, seeks judgment against Defendant's ISI and Does 1 through 10, as follows:

(a)     For an order certifying the Classes and naming Plaintiff as the representative of the Classes and Plaintiff's attorneys as Class Counsel to represent the Classes;

(b)     For an award of statutory damages for Plaintiff and each member of the Classes;

(c)     For an order declaring that the Defendant's conduct violates the statutes referenced herein;

(d)     For an order finding in favor of Plaintiff and the Classes on all Counts asserted herein;

(e)     For prejudgment interest on all amounts awarded;

(f)     For an order of restitution and all other forms of equitable monetary relief;

(g)     For injunctive relief as pleaded or as the Court may deem proper; and

(h)     Such further and other relief as the Court deems necessary.

### COUNT III
### Violations of the TCPA Against All Defendants
### by Plaintiff Individually and on Behalf of the DNC Class

69.     Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 68 as though set forth herein.

70.     47 U.S.C. §227(c) provides that any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the

Electronically Filed - ST LOUIS COUNTY - September 01, 2023 - 01:09 PM

regulations prescribed under this subsection may" bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object.

71.    The foregoing acts and omissions of Defendant's ISI and Does 1 through 10, and/or its affiliates, agents, and/or other persons or entities acting on Defendants behalf by illegally calling the Plaintiff's residential cell phone nineteen (19) times within a twelve (12) month period in contravention of 47 C.F.R. 64.1200(c), (d), (f) (13), constitute numerous and deliberate violations of the TCPA, 47 U.S.C. § 227, by making telemarketing calls, except for emergency purposes, to the Plaintiff and the Class despite their numbers being on the National Do Not Call Registry.

72.    Defendant's ISI and Does 1 through 10, violations were negligent, willful, and knowing.

73.    As a result of Defendant's ISI and Does 1 through 10, and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the Class presumptively are entitled to an award of $1,500 in damages for each call made.

74.    Plaintiff and members of the Class are also entitled to and do seek injunctive relief prohibiting Defendant's ISI and Does 1 through 10, from making like calls to numbers on the National Do Not Call Registry, except for emergency purposes, in the future.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff individually and on behalf of all others similarly situated, seeks judgment against Defendant's ISI and Does 1 through 10, as follows:

(a) For an order certifying the Classes and naming Plaintiff as the representative of the

Electronically Filed - ST LOUIS COUNTY - September 01, 2023 - 01:09 PM

Classes and Plaintiff's attorneys as Class Counsel to represent the Classes;

(b) For an award of statutory damages for Plaintiff and each member of the Classes;

(c) For an order declaring that the Defendant's conduct violates the statutes referenced herein;

(d) For an order finding in favor of Plaintiff and the Classes on all Counts asserted herein;

(e) For prejudgment interest on all amounts awarded;

(f) For an order of restitution and all other forms of equitable monetary relief;

(g) For injunctive relief as pleaded or as the Court may deem proper; and

(h) Such further and other relief as the Court deems necessary.

## COUNT IV
### Defendants' Direct or Vicarious Liability

***COMES NOW***, Plaintiff and for his fourth cause of action against Defendant's ISI, and Does 1 through 10 and their telemarketers and its employees and/or their agents, vendors and other unknown telemarketers on their behalf, states:

75.    Plaintiff reasserts and incorporates fully herein by reference each of the above paragraphs as though fully set forth herein.

76.    For 25 years now, the FCC has made clear that "the party on whose behalf a solicitation is made bears ultimate responsibility for any violations." *In the Matter of Rules and Regulations Implementing the TeL Consumer Prot. Act of 1991,* 10 F.C.C. Rcd. 12391, 12397 ¶ 13 (1995).

77.    In 2013 the FCC explained again in detail that a defendant "may be held vicariously liable under federal common law principles of agency for violations of either section

Electronically Filed - ST LOUIS COUNTY - September 01, 2023 - 01:09 PM

227(b) or section 227(c) that are committed by third-party telemarketers." *In the Matter of the Joint Petition Filed by Dish Network, LLC,* 28 F.C.C. Rcd. 6574 (2013). Both actual and apparent authority, and ratification, can be a basis for a finding of vicarious liability. *Mohon v. Agentra,* 400 F.Supp.3d 1189, 1226 (D. NM 2019).

78.     The FCC has instructed that defendants may not avoid liability by outsourcing telemarketing:

> [A]llowing the seller to avoid potential liability by outsourcing its telemarketing activities to unsupervised third parties would leave consumers in many cases without an effective remedy for telemarketing intrusions. This would particularly be so if the telemarketers were *judgment proof, unidentifiable, or located outside the United States, as is often the case.* Even where third-party telemarketers are identifiable, solvent, and amenable to judgment limiting liability to the telemarketer that physically places the call would make enforcement in many cases substantially more expensive and less efficient, since consumers (or law enforcement agencies) would be required to sue each marketer separately in order to obtain effective relief. As the FTC noted, because "[s]ellers may have thousands of `independent' marketers, suing one or a few of them is unlikely to make a substantive difference for consumer privacy."

May 2013 FCC Ruling, 28 FCC Rcd at 6588 (¶ 37) (internal citations omitted).

79.     The FCC has rejected a narrow view of TCPA liability, including the assertion that liability requires a finding of formal agency and immediate direction and control over the third-party who placed the telemarketing call. *Mohon v. Agentra,* 400 F.Supp.3d 1189, 1226 (D. NM 2019).

80.     A direct connection exists between all Defendants herein and the calls complained of by Plaintiff because the calls were directly made on behalf of Defendant's ISI, by Does 1 through 10 (their telemarketers) so they could all profit from a common enterprise in which they all substantially participated.

Electronically Filed - ST LOUIS COUNTY - September 01, 2023 - 01:09 PM

81.    "As the FTC has explained in its Compliance Guide, `taking deliberate steps to ensure one's own ignorance of a seller or telemarketer's Rule violations is an ineffective strategy to avoid liability.'" *FTC v. Chapman,* 714 F.3d 1211, 1216-1219 (l0th Cir. 2013).

82.    Defendant ISI and its telemarketers are directly liable and responsible for the phone calls at issue because Defendant's ISI and Does 1 through 10 made or initiated the calls to Plaintiffs or they substantially participated.

83.    Defendant ISI is also vicariously liable for the calls complained of by Plaintiff herein because they:

a)    authorized or caused Defendant's Does 1 through 10 to initiate the phone calls or initiated the calls and texts themselves;

b)    directly or indirectly controlled the persons who actually made or initiated the calls;

c)    allowed the telemarketers and independent agents access to information and operating systems within Defendants' control for the purpose of selling goods and services, without which they would not be able to sell their services using robocalling and direct dialing;

d)    allowed the telemarketers and independent to enter or provide consumer information into Defendants' sales or operational systems;

e)    approved, wrote, reviewed, or participated in developing the telemarketing sales scripts and automated text messages;

f)    Defendants reasonably should have known or consciously avoided knowing that the actual telemarketers were violating the law and Defendants failed to take effective steps within their power to require compliance; or

20

Electronically Filed - ST LOUIS COUNTY - September 01, 2023 - 01:09 PM

g)      Defendant's ISI gave substantial assistance or support to Does 1 through 10 and

each other while knowing, consciously avoiding knowing, or being recklessly indifferent

to the fact that John and Jane Does were engaged in acts or practices that violated the

TCPA and MDNC.

84.     Defendant's ISI and Does 1 through 10 and their telemarketers apparently had

authority to engage in the autodialing, texting and robocalling at issue herein because after

Plaintiff patiently listened and read to the scripted sales pitch the Defendants would have all

profited from each sale.

85.     Defendant ISI ratified the illegal robocalls, ATDS, and direct dialing DNC and

MDNC violations to Plaintiff described above because they accepted and intended the benefits to

them of the calls while knowing or consciously avoiding knowing their telemarketer-agents were

robocalling and automated texting cell phones and phone numbers listed on the Federal and

Missouri State Registry without complying with the Registry and without prior express written

consent of the robocalled, called, and texted consumers.

86.     Plaintiff, on his own behalf, and on behalf of the other members of the Robocall,

ATDS and DNC Classes, seeks to recover statutory damages (including treble damages for

willful violation of the TCPA), as well as injunctive and equitable relief under 47 U.S.C. §

227(b)(3), against Defendants ISI, and Does 1 through 10, and their agents, employees

and/or their vendors.

87.     Plaintiff brings this action as a private attorney general, and to vindicate and

enforce an important right affecting the public interest. Plaintiff is therefore entitled to an award

of attorneys' fees for prosecuting this action.

Electronically Filed - ST LOUIS COUNTY - September 01, 2023 - 01:09 PM

**WHEREFORE**, Plaintiff prays for entry of judgment against Defendant's ISI and Doe's 1 through 10 for his statutory, actual and/or treble damages sufficient in size to set a stern example and deter in the future like conduct complained of by Defendants or others. Plaintiff further requests an award of his attorney fees, costs, and for such other and further relief as the court finds proper.

Respectfully submitted,

/s/Edwin V. Butler, Esquire
Edwin V. Butler Mo. 32489
Attorney At Law
Butler Law Group, LLC
1650 Des Peres Rd., Suite 220
St. Louis, MO 63131
edbutler@butlerlawstl.com
(314) 504-0001

Attorney for the Plaintiff

This 29th day of August, 2023.